# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 9412011308 |
| v. | ) | |
| | ) | |
| CURTIS L. DEMBY | ) | |
| | ) | |
| Defendant | ) | |

Submitted: April 1, 2014
Decided:  June 18, 2014

On Defendant's Third Motion for Postconviction Relief.
**DENIED.**

On Defendant's "Motion for Trial Transcripts as well as to Proceed Informa
Pauperis."
**DENIED.**

## ORDER

Joseph S. Grubb, Esquire, Deputy Attorney General, Department of Justice,
Wilmington, Delaware, Attorney for the State.

Curtis L. Demby, Smyrna, Delaware, *pro se*.

COOCH, R.J.

This 18th day of June 2014, upon consideration of Defendant's Third
Motion for Postconviction Relief, it appears to the Court that:

1.    Defendant Curtis Demby ("Defendant") was initially found
guilty in March 1996 of First Degree Murder and Possession of

a Firearm During the Commission of a Felony.[1] Defendant's conviction was reversed and remanded by the Supreme Court of Delaware.[2] At Defendant's second trial, he was again found guilty of the same charges and the conviction was affirmed by the Supreme Court.[3] He is currently serving a life sentence without possibility of probation or parole for the murder conviction plus an additional twenty years for the firearms offense.[4]

2. Defendant's First Motion for Postconviction Relief was filed in January 2003. That motion was a collection of conclusory allegations stating "see memorandum" in lieu of support.[5] That memorandum was never filed, the motion was denied, and Defendant took no appeal.[6] His Second Motion for Postconviction Relief was filed in July 2006. It was denied on the basis that the motion was time-barred.[7]

3. Defendant filed this current Third Motion for Postconviction Relief on March 18, 2014.[8] Defendant subsequently filed an Amendment to his Motion for Postconviction Relief stressing his request for counsel.[9] Defendant also submitted several miscellaneous documents with the Court requesting access to transcripts and to proceed *in forma pauperis*.[10] Defendant contends that he cannot "file any successful claims" without transcripts.[11]

4. As discussed previously in his Second Motion for Postconviction Relief, "there is no constitutional right to the provision of a free trial transcript for the preparation of a post-

---

[1] *State v. Demby*, 2007 WL 214411, at *1 (Del. Super. Jan. 25, 2007).
[2] *Demby v. State*, 695 A.2d 1152 (Del. 1997).
[3] *Demby v. State*, 744 A.2d 976 (Del. 2000).
[4] Def.'s Mot. for Postconviction Relief at 1.
[5] Ltr. dated June 3, 2003 from the Court to Mr. Bunitsky and Mr. Demby.
[6] *Demby*, 2007 WL 214411, at *1.
[7] *Id.* at *2.
[8] Def.'s Mot. for Postconviction Relief.
[9] Def.'s (Notice Amend.) Please Attach to Post-Conviction and Accompany Letter/Mot. Req. Counsel.
[10] Def.'s Mot. for Trial Transcr. as well as to Proceed Informa Pauperis, Docket #293 (Feb. 20, 2014), Def.'s Mot. for Trial Transcr. as well as to Proceed Informa Pauperis, Docket #294 (Feb. 27, 2014), Def.'s Mot. for Trial Transcr. as well as to Proceed Informa Pauperis, Docket #287 (Mar. 6, 2014), Def.'s Amend. to Trial Transcr. Req. Mot., Docket #292 (Apr. 1, 2014).
[11] Def.'s Amend. To Tr. Transcr. – Req. Mot. (3-6-14) Filed Date at 2.

2

trial motion."[12]  "[I]t is within the discretion of the judge who has examined the motion and contents of the record to determine whether to order the preparation of a transcript of any part of the prior proceedings."[13]  For reasons stated below, Defendant's claims are either devoid of merit or are procedurally barred and will not be aided by the preparation of transcripts.  Therefore the Motion for Transcripts is **DENIED**.

5.  Defendant also states that he is indigent and requests to proceed *in forma pauperis*.  "A consideration of the motion to proceed in forma pauperis requires a consideration of the petition."[14]  In *Buchanan v. State*, the Delaware Supreme Court recently affirmed a defendant's Third Motion for Postconviction Relief as procedurally barred and denied his motion to proceed *in forma pauperis nunc pro tunc*.[15]  It held his claims were either "previously considered and rejected" or "frivolous because [he] had no legal or equitable right to the appointment of counsel to pursue claims that were procedurally barred."[16]  Again, for reasons stated below, this Court also holds his Motion to Proceed *In Forma Pauperis* is frivolous and therefore **DENIED**.

6.  Defendant requests counsel based on a retroactive application of the *Martinez v. Ryan* decision.[17]  Defendant's reliance on *Martinez* is misplaced.  The holding in *Martinez* "permits a federal court to review a 'substantial' ineffective assistance of counsel claim on federal habeas review."[18]  It does not apply to state court proceedings.[19]  *Martinez* "did not create a new right

---

[12] *Demby*, 2007 WL 214411, at *2 (quoting *State v. Doran*, 1992 WL 1468859, at *1 (Del. Super. June 12, 1992)).  *See also State v. Bordley*, 1989 WL 135691, at *1 (Del. Super. Oct. 26, 1989) ("A prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction. Constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented in a non-frivolous pending case.").

[13] *Doran*, 1992 WL 1468859, at *1.

[14] *Johnson v. State*, 2003 WL 22787631, at *1 (Del. Super. Nov. 5, 2003) (citing 10 *Del. C.* § 8803(b) and dismissing the petition as factually and legally frivolous).

[15] 2014 WL 2159325, at *1 (Del. 2014).

[16] *Id.*

[17] 132 S.Ct. 1309 (2012).

[18] *Morrisey v. State*, 2013 WL 2722142, at *2 (Del. June 11, 2013).

[19] *State v. Desmond*, 2013 WL 1090965, at *3 (Del. Super. Feb. 26, 2013); *State v. Rodgers*, 2012 WL 3834908, *2 (Del. Super. Aug. 30, 2012); *State v. Finn*, 2012 WL 2905101, at *2 (Del. Super. July 17, 2012) ("*Martinez* does not change Delaware's longstanding rule that defendants are not entitled postconviction relief counsel."); *State v. Smith*, 2012 WL 5577827, at *1 (Del. Super. June 14, 2012), *aff'd*, 53 A.3d 303 (Del. 2012) (TABLE).

such as to qualify as means of relief from the procedural bar of Rule 61(i)(1). Further, since *Martinez* did not establish a new constitutional right, it cannot be applied retroactively."[20]

7.  Before addressing the merits of a Motion for Postconviction Relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61.[21] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[22]

8.  Under the Delaware Superior Court Rules of Criminal Procedure, a Motion for Postconviction Relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.[23] Procedural bars will not apply if the court lacks jurisdiction or if there is "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[24] A motion exceeds time limitations if it is filed more than one year after the conviction is finalized or it asserts a newly recognized, retroactively applied right more than one year after it is first recognized.[25] A judgment of conviction becomes final "when the Supreme Court issues a mandate or order finally determining the case on direct review."[26]

9.  "If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[27] "A movant must support his or her assertions with 'concrete allegations of actual prejudice, or risk summary dismissal.'"[28] "This Court will not address Rule 61 claims that are conclusory

---

[20] *State v. Travis*, 2013 WL 1196332, at *3 (Del. Super. Mar. 25, 2013), *aff'd sub nom.*, *Anderson v. State*, 69 A.3d 370 (Del. 2013) and *aff'd,* 69 A.3d 372 (Del. 2013).
[21] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[22] *Id.*
[23] Super. Ct. Crim. R. 61(i).
[24] Super. Ct. Crim. R. 61(i)(5).
[25] Super. Ct. Crim. R. 61(i)(1).
[26] Super. Ct. Crim. R. 61(m)(2).
[27] Super. Ct. Crim. R. 61(d)(4).
[28] *State v. Chambers*, 2008 WL 4137988, at *1 (Del. Super. Aug. 25, 2008) (quoting *State v. Childress*, 2000 WL 1610766, at *1 (Del. Super. Sept. 19, 2000)).

and unsubstantiated."[29] Sufficiently developed allegations are required in support of all grounds for relief, including claims of ineffective assistance of counsel.[30] The word "conclusory" has been defined as, "[e]xpressing a factual inference without stating underlying facts on which the inference is based."[31]

10.  All of Defendant's grounds in his Third Motion for Postconviction Relief are time-barred under Rule 61(i)(1). Defendant's judgment of conviction became final on January 26, 2000 when the Supreme Court issued the mandate in his case.[32] As Defendant's Motion was filed more than fourteen years after this date and it fails to cite "a colorable claim," his motion is time-barred and therefore **DENIED**.

11.  Alternatively, Defendant's Motion proffers merely conclusory allegations in support of his claims and provides no further supplementation.

Defendant's arguments in support of his claimed grounds for relief are set forth, *in toto*:

> Ground One: Ineffective assistence [sic] during trial
>
>> There were 7 mistrial request my lawyers made not the recuqisit [sic] level of challenge to the states case.
>
> Ground Two: In effective assistance during appeal
>
>> My lawyers failed to appeal decision by lower court that statements made by me after request for attorney were admissable
>
> Ground Three: Violation of right too [sic] counsel
>
>> I request a attorney, and statements here used against me in violation of my 5th amendment rights.

---

[29] *State v. Owens*, 2002 WL 234739, at *1 (Del. Super. Jan. 11, 2002).
[30] *See, e.g., State v. Robbins*, 1996 WL 769219, at *1 (Del. Super. Dec. 18, 1996).
[31] Black's Law Dictionary, (9th ed. 2009).
[32] *Demby*, 2007 WL 214411, at *1.

I just didn't know. Im no legal tactiction Im unfamiliar with the rules of the court and laws and I was with-out [sic] legal assistance.[33]

12. In Defendant's Motion, he asserts a bare-bones list of broad, conclusory statements with no underlying facts or law which provide any basis for the asserted inferences. Therefore, this Court "will not address" his Rule 61 claim. Were the claim not time-barred Defendant's Motion could also be summarily dismissed.

Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc: Prothonotary
cc: Investigative Services

---

[33] Def.'s Mot. at 3 (capitalization adjusted for clarity). Defendant did subsequently file an Amendment to his Motion citing case law and requesting counsel. In that motion, he briefly expands upon his original grounds for postconviction relief:

> My jury was effected with extraneous influences…They were threatened by a gun-men during my trial, and my lawyer didn't appeal the instruction issued or the disqualification, during my trial. There were about (7.) requests for a mis-trial. My lawyer on appeal … was my trial lawyer, and he was not filing ineffective of trial counsel, on him-self. I'm no lawyer, and don't understand many legal issues – but I know he was ineffective, and it would apparent with compentent[sic] counsel to assist me in my claim. My trial had a lot of issues. My other post-conviction was denied because, I didn't know what I was doing, and also because I don't have my trial (Demby II) transcripts. I need a lawyer.

Def.'s (Notice Amend.) Please Attach to Post-Conviction and Accompany Letter/Mot. Req. Counsel. (capitalization adjusted for clarity).